UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES PHANEUF, JOAN PHANEUF, <br> JAMES SUSIENKA and SHARON SUSIENKA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED PARCEL SERVICE, INC., <br> PETER HINES, MICHAEL STOKES, <br> ROBERT FERRY and TIMOTHY MCKENDRY, <br><br> Defendants. | C.A. No. 99-0304A <br><br> 99-40059 |

### STIPULATED PROTECTIVE ORDER

WHEREAS plaintiffs James Phaneuf and James Susienka have requested that defendant United Parcel Service, Inc. ("UPS") produce for inspection and copying certain documents and provide certain information through interrogatories;

WHEREAS UPS maintains that certain requested documents contain confidential and proprietary business information, or information that current or former UPS employees reasonably could consider private and therefore not appropriate for public disclosure, or information the exposure of which could create a risk of harm to certain employees; and

WHEREAS, pursuant to the Massachusetts Privacy Statute, Mass. Gen. L. ch. 214, § 1B, current and former employees of UPS have a "right against unreasonable, substantial or serious interference with [their] privacy";

IT IS HEREBY STIPULATED by and between the parties to the above-captioned action that the documents and interrogatory answers in question will be marked as

"Confidential" or "Highly Confidential" and covered by the following terms of this Stipulated Protective Order:

1. UPS will mark as "Highly Confidential" all documents or interrogatory answers the disclosure of which they determine in good faith would reveal proprietary business information or highly confidential employee information, or would likely have the effect of harming UPS's ability to conduct effective internal investigations or would create a risk of harm to current or former UPS employees. Examples of the type of information which may be designated under the "Highly Confidential" category include, but are not limited to: UPS instructive manuals on conducting interviews and investigations, UPS Loss Prevention Manuals, employee statements and summaries of employee statements.

2. UPS will mark as "Confidential" all documents or interrogatory answers containing information which is not generally known and which it would not normally reveal to third parties or would cause third parties to maintain in confidence. Examples of the type of information which may be designated under this category include, but are not limited to: employee personnel files.

3. In the case of "Confidential" or "Highly Confidential" deposition testimony, defendants shall give prompt notice of their invocation of the protection of this Order by making a statement to that effect at the deposition or by so indicating to all counsel of record within fifteen days after receipt of the deposition transcript. All deposition testimony shall be presumptively treated as confidential for a period of fifteen days following receipt of the transcript by the parties.

4.     In the event that information is provided in discovery without any designation of confidentiality, such information may be designated confidential at a later time by producing substitute copies of the documents or interrogatory answers bearing the desired designation, and shall be treated as confidential by the parties. Earlier produced copies of the documents or interrogatory answers without the appropriate designation shall then be destroyed.

5.     Information designated "Confidential" shall only be disclosed to the following:

(a) counsel of record for plaintiffs, and their associates, and regular support staff;

(b) plaintiffs;

(c) any deponent during a deposition;

(d) experts consulted or retained to testify at the trial of this case;

(e) the Court;

(f) such other persons as may be designated by written agreement of the parties or by Order of the Court; and

(g) in the case of a "Confidential" document, the author and recipients of the "confidential" document.

6.     Information designated "Highly Confidential" shall only be disclosed to:

(a) counsel of record for plaintiffs, and their associates, and regular support staff;

(b) experts consulted or retained to testify at the trial of this case;

(c) the Court;

(d) such other persons as may be designated by written agreement of the parties or by Order of the Court; and

(e) in the case of a "Highly Confidential" document, the author and recipients of the "Highly Confidential" document.

7. Before disclosure of information designated "Confidential" to the persons designated in paragraphs 5(b), (c), (d), or (f), or disclosure of information designated "Highly Confidential to persons designated in paragraphs 6 (b), (d), or (e) such persons shall execute a written assurance, in the form attached as Exhibit A, that such persons will protect the confidentiality of the information received consistent with this Stipulated Protective Order. Such written assurances shall be maintained by plaintiffs' counsel with copies delivered to defendants' counsel.

8. Whenever any information designated "Confidential" or "Highly Confidential" is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such information under this Stipulated Protective Order.

9. Information designated "Confidential" or "Highly Confidential" shall be used only for purposes of this litigation.

10. A party wishing to use any Confidential or Highly Confidential material in connection with a motion in this action, must file a motion for impoundment with the confidential material.

11. Nothing in this Stipulated Protective Order shall be deemed a waiver by plaintiffs of their right to challenge the designation of any document or information as Confidential of Highly Confidential. Plaintiffs may, upon duly noticed motion, challenge the treatment of particular documents as Confidential or Highly Confidential or seek relief from or modification of this Stipulated Protective Order. If such a challenge is made, or such relief or modification is sought, plaintiffs shall bear the burden of proving the inappropriateness of

confidential treatment and the burden of proving that such relief or modification is necessary and appropriate. Pending a final Court ruling, plaintiffs agree to treat the documents in accordance with this Stipulated Protective Order.

12. Upon final determination of this action, including all appeals, counsel for plaintiffs will assemble and return to UPS all materials protected under this Stipulated Protective Order, including all copies which have been made. Notwithstanding the above, counsel for plaintiffs may maintain <u>one</u> copy of all pleadings filed or served in this action.

13. Nothing in this stipulation shall be deemed a waiver by UPS of any objection otherwise applicable to discovery.

IT IS SO STIPULATED THIS 6th DAY OF December, 1999.

| | |
|---|---|
| JAMES PHANEUF, JOAN PHANEUF, JAMES SUSIENKA and SHARON SUSIENKA, | UNITED PARCEL SERVICE, INC., |
| By their attorneys, | By its attorneys, |
| _____ | _____ |
| Elizabeth A. Gariepy (BBO#550817) | Augustus F. Wagner, Jr. (BBO#511780) |
| George N. Keches (BBO#263500) | Nelson G. Apjohn (BBO#020373) |
| Keches & Mallen, P.C. | Christa von der Luft (BBO#600362) |
| 122 Dean Street | Nutter, McClennen & Fish, LLP |
| Taunton, MA 02780 | One International Place |
| (508) 822-2000 | Boston, MA 02110-2699 |
| | (617) 439-2000 |

DOCKETED

Subject, specifically, to the provisions of Local Rule 7.2, SO ORDERED.

_____
J. N.M. Gorton, USDJ
Date: 12/17/99

761262.1

## EXHIBIT A

### WRITTEN ASSURANCE

I, _____, state that I have read and fully understand the STIPULATED PROTECTIVE ORDER dated _____; that I am fully familiar with and agree to comply with and be bound by the provisions of said STIPULATED PROTECTIVE ORDER; I agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts in regard to any dispute arising out of my agreement to be bound by the Stipulated Protective Order; and that, in addition, I agree to treat all Confidential and Highly Confidential documents as follows:

1. I shall not discuss information derived from these documents with any person, except for persons listed in the STIPULATED PROTECTIVE ORDER, and with those persons, discussion will be only in furtherance of this litigation.

2. I will otherwise do all that I can to protect the confidentiality of all confidential documents disclosed to me in the course of this litigation.

_____
Signature

Dated:

761262.1