UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES PHANEUF, JOAN PHANEUF, | ) | |
| JAMES SUSIENKA and | ) | |
| SHARON SUSIENKA, | ) | |
|     *Plaintiffs,* | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO.  99~~-0304A~~ |
| | ) | 99 - 40059 |
| UNITED PARCEL SERVICE, INC., | ) | |
| PETER HINES, MICHAEL STOKES, | ) | |
| ROBERT FERRY and | ) | |
| TIMOTHY MCKENDRY | ) | |
|     *Defendants.* | ) | |

DOCKETED

## PLAINTIFFS' FIRST AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

1.  The plaintiff, James Susienka (hereinafter "Susienka") is an adult residing at 1467 Hill Street, Whitinsville, County of Worcester, Commonwealth of Massachusetts.

2.  The plaintiff, Sharon Susienka is an adult residing at 1467 Hill Street, Whitinsville, County of Worcester, Commonwealth of Massachusetts and at all material times hereto was the wife of the plaintiff, James Susienka.

3.  The plaintiff, James Phaneuf (hereinafter "Phaneuf") is an adult residing at 9 Hopbrook Lane, Blackstone, County of Worcester, Commonwealth of Massachusetts.

4.  The plaintiff, Joan Phaneuf is an adult residing at 9 Hopbrook Lane, Blackstone, County of Worcester, Commonwealth of Massachusetts and at all materials times hereto was the wife of the plaintiff, James Phaneuf.

5.  The defendant, United Parcel Service, Inc. (hereinafter "UPS") is a foreign corporation with a usual place of business at 1700 West Park Avenue, Westboro, Worcester County, Commonwealth of Massachusetts.

6.  The defendant, Robert Ferry (hereinafter "Ferry"), is an individual and was at all material times hereto an employee of the defendant, UPS.

7.  The defendant, Timothy McKendry (hereinafter "McKendry"), is an individual and was at all material times hereto an employee of the defendant, UPS.

8.  The defendant, Michael Stokes (hereinafter "Stokes"), is an individual and was at all material times hereto an employee of the defendant, UPS.

9.  The defendant, Peter Hines (hereinafter "Hines"), is an individual and was at all material times hereto an employee of the defendant, UPS.

10. At all material times hereto, the plaintiff, James Susienka was an employee of the defendant, UPS.

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000



11.   At all material times hereto, the plaintiff, James Phaneuf was an employee of the defendant, UPS.

12.   On or about March 21, 1996, the plaintiffs, Susienka and Phaneuf were working in the course of their employment with the defendant, UPS when the defendant, UPS, through its employees, agents and/or servants required, compelled, commanded and/or demanded that the plaintiffs, Susienka and Phaneuf, among others, drive to a meeting at a UPS facility in Westboro, Massachusetts.

13.   At no time prior to appearing at said UPS facility were Susienka and/or Phaneuf told why they were ordered to the facility.  Phaneuf and Susienka were ordered, compelled, commanded and/or demanded not to communicate with anyone at all about being forced to go to the facility.

14.   Upon arrival at said facility, the plaintiffs, Susienka and Phaneuf found other employees, agents and/or servants of UPS present.  They were told that they could speak to no one, they were not allowed to use the telephone, they were not allowed to use their beepers, they were watched if they used the men's room, and they were not permitted to leave the area or the premises.

15.   The plaintiff, Susienka was confined on said premises for approximately nine hours by the defendant, UPS, through its employees, agents and/or servants, including but not limited to the defendant, McKendry and Ferry.

16.   The plaintiff, Phaneuf was confined on said premises for approximately eight hours by the defendant, UPS, through its employees, agents and/or servants, including but not limited to Hines, Stokes and McKendry.

17.   During and in the course of the above-described confinement, the plaintiffs, Susienka and Phaneuf were interrogated by employees, agents and/or servants of the defendant, UPS, including by defendants, McKendry, Stokes, Hines, and Ferry.

18.   During and in the course of said interrogation and confinement, the defendant, UPS, through and by its employees threatened, coerced, intimidated, and/or harassed the plaintiff, Susienka.

19.   During and in the course of said interrogation and confinement, the defendant, UPS, through and by its employees threatened, coerced, intimidated, and/or harassed the plaintiff, Phaneuf.

20.   During and in the course of said interrogation and confinement, the defendant, McKendry threatened, coerced, intimidated, and/or harassed the plaintiff, Susienka.

21.   During and in the course of said interrogation and confinement, the defendant, McKendry threatened, coerced, intimidated, and/or harassed the plaintiff, Phaneuf.

22.   During and in the course of said interrogation and confinement, the defendant, Ferry threatened, coerced, intimidated, and/or harassed the plaintiff, Susienka.

23.   During and in the course of said interrogation and confinement, the defendant, Hines

threatened, coerced, intimidated, and/or harassed the plaintiff, Phaneuf.

24. During and in the course of said interrogation and confinement, the defendant, Stokes threatened, coerced, intimidated, and/or harassed the plaintiff, Phaneuf.

25. During the course of said confinement and interrogation, the defendant, UPS, through its employees, agents and/or servants, threatened, coerced, intimidated and attempted to force the plaintiff, Susienka to provide false, inaccurate and/or untrue testimony against co-employees.

26. During the course of said confinement and interrogation, the defendant, UPS, through its employees, agents and/or servants, threatened, coerced, intimidated and attempted to force the plaintiff, Phaneuf to provide false, inaccurate and/or untrue testimony against co-employees.

27. The defendant, UPS, through its employees, agents and/or servants knew or reasonably should have known that statements that they made to the plaintiff, Susienka during and in the course of his confinement and interrogation were materially false, untrue and/or inaccurate, and, the defendant, UPS, through its employees, agents and/or servants attempted to coerce, intimidate, harass and/or threaten the plaintiff, Susienka with said statements which they knew or reasonably should have known were false, inaccurate and/or untrue.

28. The defendant, UPS, through its employees, agents and/or servants knew or reasonably should have known that statements that they made to the plaintiff, Phaneuf during and in the course of his confinement and interrogation were materially false, untrue and/or inaccurate, and, the defendant, UPS, through its employees, agents and/or servants attempted to coerce, intimidate, harass and/or threaten the plaintiff, Phaneuf with said statements which they knew or reasonably should have known were false, inaccurate and/or untrue.

29. The defendant, McKendry knew or reasonably should have known that statements that he made to the plaintiff, Susienka during and in the course of his confinement and interrogation were materially false, untrue and/or inaccurate, and, the defendant, McKendry attempted to coerce, intimidate, harass and/or threaten the plaintiff, Susienka with said statements which he knew or reasonably should have known were false, inaccurate and/or untrue.

30. The defendant, McKendry knew or reasonably should have known that statements that he made to the plaintiff, Phaneuf during and in the course of his confinement and interrogation were materially false, untrue and/or inaccurate, and, the defendant, McKendry attempted to coerce, intimidate, harass and/or threaten the plaintiff, Phaneuf with said statements which he knew or reasonably should have known were false, inaccurate and/or untrue.

31. The defendant, Ferry knew or reasonably should have known that statements that he made to the plaintiff, Susienka during and in the course of his confinement and interrogation were materially false, untrue and/or inaccurate, and, the defendant, Ferry attempted to coerce, intimidate, harass and/or threaten the plaintiff, Susienka with said statements which he knew or reasonably should have known were false,

inaccurate and/or untrue.

32.     The defendant, Hines knew or reasonably should have known that statements that he made to the plaintiff, Phaneuf during and in the course of his confinement and interrogation were materially false, untrue and/or inaccurate, and, the defendant, Stokes attempted to coerce, intimidate, harass and/or threaten the plaintiff, Phaneuf with said statements which he knew or reasonably should have known were false, inaccurate and/or untrue.

33.     The defendant, Stokes knew or reasonably should have known that statements that he made to the plaintiff, Phaneuf during and in the course of his confinement and interrogation were materially false, untrue and/or inaccurate, and, the defendant, Hines attempted to coerce, intimidate, harass and/or threaten the plaintiff, Phaneuf with said statements which he knew or reasonably should have known were false, inaccurate and/or untrue.

34.     On or about March 21, 1996, the defendant, UPS, through its agents, servants and/or employees intentionally, unjustifiably and unreasonably confined and/or imprisoned and/or interrogated the plaintiff, Susienka against his will.

35.     On or about March 21, 1996, the defendant, UPS, through its agents, servants and/or employees intentionally, unjustifiably and unreasonably confined and/or imprisoned and/or interrogated the plaintiff, Phaneuf against his will.

36.     On or about March 21, 1996, the defendant, McKendry intentionally, unjustifiably and unreasonably confined and/or imprisoned and/or interrogated the plaintiff, Susienka against his will.

37.     On or about March 21, 1996, the defendant, McKendry intentionally, unjustifiably and unreasonably confined and/or imprisoned and/or interrogated the plaintiff, Phaneuf against his will.

38.     On or about March 21, 1996, the defendant, Ferry intentionally, unjustifiably and unreasonably confined and/or imprisoned and/or interrogated the plaintiff, Susienka against his will.

39.     On or about March 21, 1996, the defendant, Hines intentionally, unjustifiably and unreasonably confined and/or imprisoned and/or interrogated the plaintiff, Phaneuf against his will.

40.     On or about March 21, 1996, the defendant, Stokes intentionally, unjustifiably and unreasonably confined and/or imprisoned and/or interrogated the plaintiff, Phaneuf against his will.

41.     During such confinement, the defendant, UPS, through its employees, agents and/or servants sought to coerce, threaten, intimidate, harass and/or otherwise force the plaintiff, Susienka to provide false testimony, against co-employees.

42.     During such confinement, the defendant, UPS, through its employees, agents and/or servants sought to coerce, threaten, intimidate, harass and/or otherwise force the

plaintiff, Phaneuf to provide false testimony, against co-employees.

43.    During such confinement, the defendant, Ferry sought to coerce, threaten, intimidate, harass and/or otherwise force the plaintiff, Susienka to provide false testimony against co-employees.

44.    During such confinement, the defendant, Hines sought to coerce, threaten, intimidate, harass and/or otherwise force the plaintiff, Phaneuf to provide false testimony against co-employees.

45.    During such confinement, the defendant, McKendry sought to coerce, threaten, intimidate, harass and/or otherwise force the plaintiff, Susienka to provide false testimony against co-employees.

46.    During such confinement, the defendant, McKendry sought to coerce, threaten, intimidate, harass and/or otherwise force the plaintiff, Phaneuf to provide false testimony against co-employees.

47.    During such confinement, the defendant, Stokes sought to coerce, threaten, intimidate, harass and/or otherwise force the plaintiff, Phaneuf to provide false testimony against co-employees.

48.    During such confinement, the defendant, UPS, through its agents, servants and/or employees, through the exercise of extreme and outrageous conduct designed to intimidate and/or threaten the plaintiff, Susienka, sought to force the plaintiff, Susienka to provide his employer with information and a signed statement containing false, misleading and/or inaccurate information which information the defendant, through its employees, agents and/or servants knew or reasonably should have known was false, misleading and/or inaccurate.

49.    During such confinement, the defendant, UPS, through its agents, servants and/or employees, through the exercise of extreme and outrageous conduct designed to intimidate and/or threaten the plaintiff, Phaneuf, sought to force the plaintiff, Phaneuf to provide his employer with information and a signed statement containing false, misleading and/or inaccurate information which information the defendant, through its employees, agents and/or servants knew or reasonably should have known was false, misleading and/or inaccurate.

50.    During such confinement, the defendant, Ferry, through the exercise of extreme and outrageous conduct designed to intimidate and/or threaten the plaintiff, Susienka, sought to force the plaintiff, Susienka to provide his employer with information and a signed statement containing false, misleading and/or inaccurate information which information the defendant knew or reasonably should have known was false, misleading and/or inaccurate.

51.    During such confinement, the defendant, Hines through the exercise of extreme and outrageous conduct designed to intimidate and/or threaten the plaintiff, Phaneuf, sought to force the plaintiff, Phaneuf to provide his employer with information and a signed statement containing false, misleading and/or inaccurate information which information the defendant knew or reasonably should have known was false,

misleading and/or inaccurate.

52.   During such confinement, the defendant, Stokes through the exercise of extreme and outrageous conduct designed to intimidate and/or threaten the plaintiff, Phaneuf, sought to force the plaintiff, Phaneuf to provide his employer with information and a signed statement containing false, misleading and/or inaccurate information which information the defendant knew or reasonably should have known was false, misleading and/or inaccurate.

53.   During such confinement, the defendant, McKendry, through the exercise of extreme and outrageous conduct designed to intimidate and/or threaten the plaintiff, Susienka, sought to force the plaintiff, Susienka to provide his employer with information and a signed statement containing false, misleading and/or inaccurate information which information the defendant knew or reasonably should have known was false, misleading and/or inaccurate.

54.   During such confinement, the defendant, McKendry through the exercise of extreme and outrageous conduct designed to intimidate and/or threaten the plaintiff, Phaneuf, sought to force the plaintiff, Phaneuf to provide his employer with information and a signed statement containing false, misleading and/or inaccurate information which information the defendant knew or reasonably should have known was false, misleading and/or inaccurate.

55.   The defendant, UPS, through its employees, agents and/or servants' actions placed the plaintiff, Susienka in fear for his physical, economic and emotional well being and safety.

56.   The defendant, UPS, through its employees, agents and/or servants' actions placed the plaintiff, Phaneuf in fear for his physical, economic and emotional well being and safety.

57.   The defendant, McKendry's actions placed the plaintiff, Susienka in fear for his physical, economic and emotional well being and safety.

58.   The defendant, McKendry's actions placed the plaintiff, Phaneuf in fear for his physical, economic and emotional well being and safety.

59.   The defendant, Ferry's actions placed the plaintiff, Susienka in fear for his physical, economic and emotional well being and safety.

60.   The defendant, Hine's actions placed the plaintiff, Phaneuf in fear for his physical, economic and emotional well being and safety.

61.   The defendant, Stokes' actions placed the plaintiff, Phaneuf in fear for his physical, economic and emotional well being and safety.

62.   On or about April 5, 1996, the plaintiff, Phaneuf was again called to a meeting at UPS, said meeting being conducted by the defendants, McKendry and Ferry.

Elizabeth A. Garlepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

63. At said meeting, referenced above, the plaintiff, Phaneuf was threatened, coerced, intimidated and/or harassed by the defendants, Ferry and McKendry.

64. At and during the course of this meeting, the plaintiff, Phaneuf was under the impression that he was not allowed and/or permitted to leave the interrogation room and that he was confined against his free will.

65. The plaintiff, Phaneuf was confined on said premises for approximately five hours by the defendant, UPS, through its employees, agents and/or servants, including but not limited to Ferry and McKendry.

66. During and in the course of the above-described confinement, the plaintiff, Phaneuf was interrogated by employees, agents and/or servants of the defendant, UPS, including by defendants, McKendry and Ferry.

67. During the course of said confinement and interrogation, the defendant, UPS, through its employees, agents and/or servants, threatened, coerced, intimidated and attempted to force the plaintiff, Phaneuf to provide false, inaccurate or untrue testimony against co-employees.

68. During the course of said confinement and interrogation, the defendant, Ferry threatened, coerced, intimidated and attempted to force the plaintiff, Phaneuf to provide false, inaccurate or untrue testimony against co-employees.

69. During the course of said confinement and interrogation, the defendant, McKendry threatened, coerced, intimidated and attempted to force the plaintiff, Phaneuf to provide false, inaccurate or untrue testimony against co-employees.

70. The defendant, UPS, through its employees, agents and/or servants knew or reasonably should have known that statements that they made to the plaintiff, Phaneuf during and in the course of his confinement and interrogation were materially false, untrue and/or inaccurate, and, the defendant, UPS, through its employees, agents and/or servants attempted to coerce, intimidate, harass and/or threaten the plaintiff, Phaneuf with said statements which they knew or reasonably should have known were false, inaccurate and/or untrue.

71. The defendant, McKendry knew or reasonably should have known that statements that he made to the plaintiff, Phaneuf during and in the course of his confinement and interrogation were materially false, untrue and/or inaccurate, and, the defendant, McKendry attempted to coerce, intimidate, harass and/or threaten the plaintiff, Phaneuf with said statements which he knew or reasonably should have known were false, inaccurate and/or untrue.

72. The defendant, Ferry knew or reasonably should have known that statements that he made to the plaintiff, Phaneuf during and in the course of his confinement and interrogation were materially false, untrue and/or inaccurate, and, the defendant, Ferry attempted to coerce, intimidate, harass and/or threaten the plaintiff, Phaneuf with said statements which he knew or reasonably should have known were false, inaccurate and/or untrue.

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

73.     On or about April 5, 1996, the defendant, UPS, through its agents, servants and/or employees intentionally, unjustifiably and unreasonably confined and/or imprisoned and/or interrogated the plaintiff, Phaneuf against his will.

74.     On or about April 5, 1996, the defendant, McKendry intentionally, unjustifiably and unreasonably confined and/or imprisoned and/or interrogated the plaintiff, Phaneuf against his will.

75.     On or about April 5, 1996, the defendant, Ferry intentionally, unjustifiably and unreasonably confined and/or imprisoned and/or interrogated the plaintiff, Phaneuf against his will.

76.     During such confinement, the defendant, UPS, through its agents, servants and/or employees, through the exercise of extreme and outrageous conduct designed to intimidate and/or threaten the plaintiff, Phaneuf, sought to force the plaintiff, Phaneuf to provide his employer with information and a signed statement containing false, misleading and/or inaccurate information which information the defendant, through its employees, agents and/or servants knew or reasonably should have known was false, misleading and/or inaccurate.

77.     During such confinement, the defendant, McKendry, through the exercise of extreme and outrageous conduct designed to intimidate and/or threaten the plaintiff, Phaneuf, sought to force the plaintiff, Phaneuf to provide his employer with information and a signed statement containing false, misleading and/or inaccurate information which information the defendant knew or reasonably should have known was false, misleading and/or inaccurate.

78.     During such confinement, the defendant, Ferry, through the exercise of extreme and outrageous conduct designed to intimidate and/or threaten the plaintiff, Phaneuf, sought to force the plaintiff, Phaneuf to provide his employer with information and a signed statement containing false, misleading and/or inaccurate information which information the defendant knew or reasonably should have known was false, misleading and/or inaccurate.

79.     The defendant, UPS, through its employees, agents and/or servants' actions placed the plaintiff, Phaneuf in fear for his physical, economic and emotional well being and safety.

80.     The defendant, McKendry's actions placed the plaintiff, Phaneuf in fear for his physical, economic and emotional well being and safety.

81.     The defendant, Ferry's actions placed the plaintiff, Phaneuf in fear for his physical, economic and emotional well being and safety.

82.     On or about March 21, 1996, the plaintiff, James Susienka was injured during the course and scope of his employment with the defendant, UPS.

83.     On or about March 21, 1996, the plaintiff, James Susienka became entitled to file a claim for worker's compensation and thereafter placed his employer, the defendant, UPS on notice that he intended to file a claim for worker's compensation.

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

84.   On or after March 21, 1996 and before James Susienka was terminated from his employment with the defendant, UPS, the defendant, UPS knew or should have known that the plaintiff, James Susienka was injured during the course and/or scope of his employment with the defendant, UPS.

85.   The defendant, UPS terminated the plaintiff, James Susienka from his employment with UPS after the defendant, UPS knew or should have known that James Susienka suffered a work related injury on or about March 21, 1996 and that he intended to file a worker's compensation claim for that injury.

86.   On or about April 5, 1996, the plaintiff, James Phaneuf was injured during the course and scope of his employment with the defendant, UPS.

87.   On or about April 5, 1996, the plaintiff, James Phaneuf became entitled to file a claim for worker's compensation and thereafter placed his employer, the defendant, UPS on notice that he intended to file a claim for worker's compensation.

88.   On or after April 5, 1996 and before James Phaneuf was terminated from his employment with the defendant, UPS, the defendant, UPS knew or should have known that the plaintiff, James Phaneuf was injured during the course and/or scope of his employment with the defendant, UPS.

89.   The defendant, UPS terminated the plaintiff, James Phaneuf from his employment with UPS after the defendant, UPS knew or should have known that James Phaneuf suffered a work related injury on or about April 5, 1996 and that he intended to file a worker's compensation claim for that injury.

90.   In retaliation for the plaintiff, James Susienka's refusal and/or inability to comply with the defendant, UPS's negligent, unlawful and outrageous demands, the plaintiff, James Susienka was terminated from his employment with the defendant, UPS.

91.   In retaliation for the plaintiff, James Phaneuf's refusal and/or inability to comply with the defendant, UPS's negligent, unlawful and outrageous demands, the plaintiff, James Phaneuf was terminated from his employment with the defendant, UPS.

92.   In retaliation for claiming that he sustained a work related injury, the plaintiff, James Susienka was terminated from his employment with the defendant, UPS.

93.   In retaliation for claiming that he suffered a work related injury, the plaintiff, James Phaneuf was terminated from his employment with the defendant, UPS.

## COUNT I- FALSE IMPRISONMENT V. UPS

94.   The plaintiff, Susienka repeats and reavers paragraphs One through Ninety- three above as if each were fully set forth and realleged herein in their entirety.

95.   On or about March 21, 1996, the defendant, UPS, through its employees, agents and/or servants intentionally, unjustifiably and/or unreasonably confined and/or imprisoned and/or interrogated the plaintiff, James Susienka against his will.

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

96.   The defendant, UPS, through its employees, agents and/or servants, during and as a result of said wrongful confinement, imprisonment and/or interrogation sought to coerce, threaten, intimidate and/or harass the plaintiff, James Susienka.

97.   At all material times hereto, the plaintiff, James Susienka was aware of his unlawful, unjustified and/or intentional confinement, imprisonment and/or interrogation against his will.

98.   As a direct and proximate result of the defendant, UPS's actions, through its employees, agents and/or servants, the plaintiff, James Susienka was caused to fear for his personal, economic and emotional well being and safety.

99.   As a direct and proximate result of the defendant, UPS's wrongful confinement and/or imprisonment of the plaintiff, James Susienka, he was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, suffer great embarrassment and humiliation, incur medical and hospital expense and suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Susienka demands judgment against the defendant, UPS in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

### COUNT II- FALSE IMPRISONMENT V. UPS

100.   The plaintiff, Phaneuf repeats and reavers paragraphs One through Ninety-three above as if each were fully set forth and realleged herein in their entirety.

101.   On or about March 21, 1996, the defendant, UPS, through its employees, agents and/or servants intentionally, unjustifiably and/or unreasonably confined and/or imprisoned and/or interrogated the plaintiff, James Phaneuf against his will.

102.   The defendant, UPS, through its employees, agents and/or servants, during and as a result of said wrongful confinement, imprisonment and/or interrogation sought to coerce, threaten, intimidate and/or harass the plaintiff, James Phaneuf.

103.   At all material times hereto, the plaintiff, James Phaneuf was aware of his unlawful, unjustified and/or intentional confinement, imprisonment and/or interrogation against his will.

104.   As a direct and proximate result of the defendant, UPS's actions, through its employees, agents and/or servants, the plaintiff, James Phaneuf was caused to fear for his personal, economic and emotional well being and safety.

105.   As a direct and proximate result of the defendant, UPS's wrongful confinement and/or imprisonment of the plaintiff, James Phaneuf, he was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, suffer great embarrassment and humiliation, incur medical and hospital expense and suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, UPS in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT III- FALSE IMPRISONMENT V. MCKENDRY

106.   The plaintiff, Susienka repeats and reavers paragraphs One through Ninety-Three and Ninety-Four through Ninety-Nine above as if each were fully set forth and realleged herein in their entirety.

107.   On or about March 21, 1996, the defendant, McKendry intentionally, unjustifiably and/or unreasonably confined and/or imprisoned and/or interrogated the plaintiff, James Susienka against his will.

108.   The defendant, McKendry during and as a result of said wrongful confinement, imprisonment and/or interrogation sought to coerce, threaten, intimidate and/or harass the plaintiff, James Susienka.

109.   At all material times hereto, the plaintiff, James Susienka was aware of his unlawful, unjustified and/or intentional confinement, imprisonment and/or interrogation against his will.

110.   As a direct and proximate result of the defendant, McKendry's actions, the plaintiff, James Susienka was caused to fear for his personal, economic and emotional well being and safety.

111.   As a direct and proximate result of the defendant, McKendry's wrongful confinement and/or imprisonment of the plaintiff, James Susienka, he was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, suffer great embarrassment and humiliation, incur medical and hospital expense and suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Susienka demands judgment against the defendant, McKendry in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT IV- FALSE IMPRISONMENT V. MCKENDRY

112.   The plaintiff, Phaneuf repeats and reavers paragraphs One through Ninety-three and One Hundred through One Hundred Five above as if each were fully set forth and realleged herein in their entirety.

113.   On or about March 21, 1996, the defendant, McKendry intentionally, unjustifiably and/or unreasonably confined and/or imprisoned and/or interrogated the plaintiff, James Phaneuf against his will.

114.   The defendant, McKendry, during and as a result of said wrongful confinement, imprisonment and/or interrogation sought to coerce, threaten, intimidate and/or harass the plaintiff, James Phaneuf.

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

115.   At all material times hereto, the plaintiff, James Phaneuf was aware of his unlawful, unjustified and/or intentional confinement, imprisonment and/or interrogation against his will.

116.   As a direct and proximate result of the defendant, McKendry's actions, through its employees, agents and/or servants, the plaintiff, James Phaneuf was caused to fear for his personal, economic and emotional well being and safety.

117.   As a direct and proximate result of the defendant, McKendry's wrongful confinement and/or imprisonment of the plaintiff, James Phaneuf, he was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, suffer great embarrassment and humiliation, incur medical and hospital expense and suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, McKendry in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

### COUNT V - FALSE IMPRISONMENT V. FERRY

118.   The plaintiff, Susienka repeats and reavers paragraphs One through Ninety-Three, Ninety-Four through Ninety-Nine and One Hundred Six through One Hundred Eleven above as if each were fully set forth and realleged herein in their entirety.

119.   On or about March 21, 1996, the defendant, Ferry intentionally, unjustifiably and/or unreasonably confined and/or imprisoned and/or interrogated the plaintiff, James Susienka against his will.

120.   The defendant, Ferry during and as a result of said wrongful confinement, imprisonment and/or interrogation sought to coerce, threaten, intimidate and/or harass the plaintiff, James Susienka.

121.   At all material times hereto, the plaintiff, James Susienka was aware of his unlawful, unjustified and/or intentional confinement, imprisonment and/or interrogation against his will.

122.   As a direct and proximate result of the defendant, Ferry's actions, the plaintiff, James Susienka was caused to fear for his personal, economic and emotional well being and safety.

123.   As a direct and proximate result of the defendant, Ferry's wrongful confinement and/or imprisonment of the plaintiff, James Susienka, he was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, suffer great embarrassment and humiliation, incur medical and hospital expense and suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Susienka demands judgment against the defendant, Ferry in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

## COUNT VI- FALSE IMPRISONMENT V. HINES

124.   The plaintiff, Phaneuf repeats and reavers paragraphs One through Ninety-Three, One Hundred through One Hundred Five and One Hundred Twelve through One Hundred Seventeen above as if each were fully set forth and realleged herein in their entirety.

125.   On or about March 21, 1996, the defendant, Hines intentionally, unjustifiably and/or unreasonably confined and/or imprisoned and/or interrogated the plaintiff, James Phaneuf against his will.

126.   The defendant, Hines, during and as a result of said wrongful confinement, imprisonment and/or interrogation sought to coerce, threaten, intimidate and/or harass the plaintiff, James Phaneuf.

127.   At all material times hereto, the plaintiff, James Phaneuf was aware of his unlawful, unjustified and/or intentional confinement, imprisonment and/or interrogation against his will.

128.   As a direct and proximate result of the defendant, Hines' actions, through its employees, agents and/or servants, the plaintiff, James Phaneuf was caused to fear for his personal, economic and emotional well being and safety.

129.   As a direct and proximate result of the defendant, Hines' wrongful confinement and/or imprisonment of the plaintiff, James Phaneuf, he was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, suffer great embarrassment and humiliation, incur medical and hospital expense and suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, Hines in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT VII- FALSE IMPRISONMENT V. STOKES

130.   The plaintiff, Phaneuf repeats and reavers paragraphs One through Ninety-Three, One Hundred through One Hundred Five, One Hundred Twelve through One Hundred Seventeen and One Hundred Twenty-four through One Hundred Twenty-nine above as if each were fully set forth and realleged herein in their entirety.

131.   On or about March 21, 1996, the defendant, Stokes intentionally, unjustifiably and/or unreasonably confined and/or imprisoned and/or interrogated the plaintiff, James Phaneuf against his will.

132.   The defendant, Stokes, during and as a result of said wrongful confinement, imprisonment and/or interrogation sought to coerce, threaten, intimidate and/or harass the plaintiff, James Phaneuf.

133.   At all material times hereto, the plaintiff, James Phaneuf was aware of his unlawful, unjustified and/or intentional confinement, imprisonment and/or interrogation against his will.

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

134. As a direct and proximate result of the defendant, Stokes' actions, through its employees, agents and/or servants, the plaintiff, James Phaneuf was caused to fear for his personal, economic and emotional well being and safety.

135. As a direct and proximate result of the defendant, Stokes' wrongful confinement and/or imprisonment of the plaintiff, James Phaneuf, he was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, suffer great embarrassment and humiliation, incur medical and hospital expense and suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, Stokes in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT VIII- FALSE IMPRISONMENT V. UPS

136. The plaintiff, Phaneuf repeats and reavers paragraphs One through Ninety-three as if each were fully set forth and realleged herein in their entirety.

137. On or about April 5, 1996, the defendant, UPS, through its employees, agents and/or servants intentionally, unjustifiably and/or unreasonably confined and/or imprisoned and/or interrogated the plaintiff, James Phaneuf against his will.

138. The defendant, UPS, through its employees, agents and/or servants, during and as a result of said wrongful confinement, imprisonment and/or interrogation sought to coerce, threaten, intimidate and/or harass the plaintiff, James Phaneuf.

139. At all material times hereto, the plaintiff, James Phaneuf was aware of his unlawful, unjustified and/or intentional confinement, imprisonment and/or interrogation against his will.

140. As a direct and proximate result of the defendant, UPS's actions, through its employees, agents and/or servants, the plaintiff, James Phaneuf was caused to fear for his personal, economic and emotional well being and safety.

141. As a direct and proximate result of the defendant, UPS's wrongful confinement and/or imprisonment of the plaintiff, James Phaneuf, he was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, suffer great embarrassment and humiliation, incur medical and hospital expense and suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, UPS in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT IX- FALSE IMPRISONMENT V. MCKENDRY

142. The plaintiff, Phaneuf repeats and reavers paragraphs One through Ninety-three and One Hundred Thirty-six through One Hundred Forty-one as if each were fully set forth and realleged herein in their entirety.

143. On or about April 5, 1996, the defendant, McKendry intentionally, unjustifiably and/or unreasonably confined and/or imprisoned and/or interrogated the plaintiff, James Phaneuf against his will.

144. The defendant, McKendry during and as a result of said wrongful confinement, imprisonment and/or interrogation sought to coerce, threaten, intimidate and/or harass the plaintiff, James Phaneuf.

145. At all material times hereto, the plaintiff, James Phaneuf was aware of his unlawful, unjustified and/or intentional confinement, imprisonment and/or interrogation against his will.

146. As a direct and proximate result of the defendant, McKendry's actions, the plaintiff, James Phaneuf was caused to fear for his personal, economic and emotional well being and safety.

147. As a direct and proximate result of the defendant, McKendry's wrongful confinement and/or imprisonment of the plaintiff, James Phaneuf, he was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, suffer great embarrassment and humiliation, incur medical and hospital expense and suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, McKendry in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT X- FALSE IMPRISONMENT V. FERRY

148. The plaintiff, Phaneuf repeats and reavers paragraphs One through Ninety-three, One Hundred Thirty-six through One Hundred Forty-one and One Hundred Forty-two through One Hundred Forty-seven above as if each were fully set forth and realleged herein in their entirety.

149. On or about April 5, 1996, the defendant, Ferry intentionally, unjustifiably and/or unreasonably confined and/or imprisoned and/or interrogated the plaintiff, James Phaneuf against his will.

150. The defendant, Ferry, during and as a result of said wrongful confinement, imprisonment and/or interrogation sought to coerce, threaten, intimidate and/or harass the plaintiff, James Phaneuf.

151. At all material times hereto, the plaintiff, James Phaneuf was aware of his unlawful, unjustified and/or intentional confinement, imprisonment and/or interrogation against his will.

152. As a direct and proximate result of the defendant, Ferry's actions, through its employees, agents and/or servants, the plaintiff, James Phaneuf was caused to fear for his personal, economic and emotional well being and safety.

153. As a direct and proximate result of the defendant, Ferry's wrongful confinement

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

and/or imprisonment of the plaintiff, James Phaneuf, he was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, suffer great embarrassment and humiliation, incur medical and hospital expense and suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, Ferry in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

### COUNT XI- LOSS OF CONSORTIUM V. UPS

154. The plaintiff, Sharon Susienka repeats and reavers paragraphs One through Ninety-three, Ninety-four through Ninety-nine, One Hundred Six through One Hundred Eleven and One Hundred Eighteen through One Hundred Twenty-three above as if each were fully set forth and realleged herein in their entirety.

155. As a direct and proximate result of the unlawful, unreasonable and/or tortious actions of the defendant, UPS, through its agents, servants and/or employees directed against her husband, James, the plaintiff, Sharon Susienka was caused to suffer and continues to suffer the loss of consortium of her husband, including, inter alia, the loss of society, income, companionship, comfort and affection of her husband.

WHEREFORE, the plaintiff, Sharon Susienka demands judgment against the defendant, UPS in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

### COUNT XII- LOSS OF CONSORTIUM V. UPS

156. The plaintiff, Joan Phaneuf repeats and reavers paragraphs One through Ninety-three, One Hundred through One Hundred Five, One Hundred Twelve through One Hundred Seventeen, One Hundred Twenty-four through One Hundred Twenty-nine, One Hundred Thirty through One Hundred Thirty-five, One Hundred Thirty-six through One Hundred Forty-one, One Hundred Forty-two through One Hundred Forty-seven and One Hundred Forty-eight through One Hundred Fifty-three above as if each were fully set forth and realleged herein in their entirety.

157. As a direct and proximate result of the unlawful, unreasonable and/or tortious actions of the defendant, UPS, through its agents, servants and/or employees directed against her husband, James, the plaintiff, Joan Phaneuf was caused to suffer and continues to suffer the loss of consortium of her husband, including, inter alia, the loss of society, income, companionship, comfort and affection of her husband.

WHEREFORE, the plaintiff, Joan Phaneuf demands judgment against the defendant, UPS in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

### COUNT XIII- LOSS OF CONSORTIUM V. MCKENDRY

158. The plaintiff, Sharon Susienka repeats and reavers paragraphs One through Ninety-three, Ninety-four through Ninety-nine and One Hundred Six through One Hundred

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

Eleven above as if each were fully set forth and realleged herein in their entirety.

159. As a direct and proximate result of the unlawful, unreasonable and/or tortious actions of the defendant, McKendry directed against her husband, James, the plaintiff, Sharon Susienka was caused to suffer and continues to suffer the loss of consortium of her husband, including, inter alia, the loss of society, income, companionship, comfort and affection of her husband.

WHEREFORE, the plaintiff, Sharon Susienka demands judgment against the defendant, McKendry in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT XIV- LOSS OF CONSORTIUM V. MCKENDRY

160. The plaintiff, Joan Phaneuf repeats and reavers paragraphs One through Ninety-three, One Hundred through One Hundred Five, One Hundred Twelve through One Hundred Seventeen, One Hundred Thirty-six through One Hundred Forty-one and One Hundred Forty-two through One Hundred Forty-seven above as if each were fully set forth and realleged herein in their entirety.

161. As a direct and proximate result of the unlawful, unreasonable and/or tortious actions of the defendant, McKendry directed against her husband, James, the plaintiff, Joan Phaneuf was caused to suffer and continues to suffer the loss of consortium of her husband, including, inter alia, the loss of society, income, companionship, comfort and affection of her husband.

WHEREFORE, the plaintiff, Joan Phaneuf demands judgment against the defendant, McKendry in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT XV- LOSS OF CONSORTIUM V. FERRY

162. The plaintiff, Sharon Susienka repeats and reavers paragraphs One through Ninety-three, Ninety-Four through Ninety-nine, One Hundred Eighteen through One Hundred Twenty-three above as if each were fully set forth and realleged herein in their entirety.

163. As a direct and proximate result of the unlawful, unreasonable and/or tortious actions of the defendant, Ferry directed against her husband, James, the plaintiff, Sharon Susienka was caused to suffer and continues to suffer the loss of consortium of her husband, including, inter alia, the loss of society, income, companionship, comfort and affection of her husband.

WHEREFORE, the plaintiff, Sharon Susienka demands judgment against the defendant, Ferry in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT XVI- LOSS OF CONSORTIUM V. FERRY

164. The plaintiff, Joan Phaneuf repeats and reavers paragraphs One through Ninety-three,

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

One Hundred through One Hundred Five, One Hundred Thirty-six through One Hundred Forty-one above as if each were fully set forth and realleged herein in their entirety.

165.    As a direct and proximate result of the unlawful, unreasonable and/or tortious actions of the defendant, Ferry directed against her husband, James, the plaintiff, Joan Phaneuf was caused to suffer and continues to suffer the loss of consortium of her husband, including, inter alia, the loss of society, income, companionship, comfort and affection of her husband.

WHEREFORE, the plaintiff, Joan Phaneuf demands judgment against the defendant, Ferry in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

### COUNT XVII- LOSS OF CONSORTIUM V. HINES

166.    The plaintiff, Joan Phaneuf repeats and reavers paragraphs One through Ninety-three, One Hundred through One Hundred Five, One Hundred Twenty-four through One Hundred Twenty-nine above as if each were fully set forth and realleged herein in their entirety.

167.    As a direct and proximate result of the unlawful, unreasonable and/or tortious actions of the defendant, Hines directed against her husband, James, the plaintiff, Joan Phaneuf was caused to suffer and continues to suffer the loss of consortium of her husband, including, inter alia, the loss of society, income, companionship, comfort and affection of her husband.

WHEREFORE, the plaintiff, Joan Phaneuf demands judgment against the defendant, Hines in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

### COUNT XVIII- LOSS OF CONSORTIUM V. STOKES

168.    The plaintiff, Joan Phaneuf repeats and reavers paragraphs One through Ninety-three, One Hundred through One Hundred Five, and One Hundred Thirty through One Hundred Thirty-five above as if each were fully set forth and realleged herein in their entirety.

169.    As a direct and proximate result of the unlawful, unreasonable and/or tortious actions of the defendant, Stokes directed against her husband, James, the plaintiff, Joan Phaneuf was caused to suffer and continues to suffer the loss of consortium of her husband, including, inter alia, the loss of society, income, companionship, comfort and affection of her husband.

WHEREFORE, the plaintiff, Joan Phaneuf demands judgment against the defendant, Stokes in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780
-----
508-822-2000

## COUNT XIX- BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING V. UPS

170.    The plaintiff, Susienka repeats and reavers paragraphs One through Ninety-three, Ninety-four through Ninety-nine, One Hundred Six through One Hundred Eleven, and One Hundred Eighteen through One Hundred Twenty-three above as if each were fully set forth and realleged herein in their entirety.

171.    The defendant, UPS, through its employees, agents and/or servants owed the plaintiff, Susienka an implied duty to act with good faith and fair dealing in their employment relationship.

172.    The defendant, UPS, through its employees, agents and/or servants, breached the duty that it owed the plaintiff, Susienka by failing to act in good faith and fair dealing in their employment relationship, insomuch as they attempted to coerce, intimidate, harass, and/or force the plaintiff, Susienka to sign a statement and/or give testimony which was false and the defendant, UPS knew or should have known said testimony and/or statements were false.

173.    As a direct and proximate result of the defendant, UPS, through its agents, servants and/or employees breach of the implied duty to act with good faith and fair dealing in their employment relationship with the plaintiff, Susienka, the plaintiff, Susienka was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, sustain humiliation and embarrassment, incur great medical and hospital expense and to suffer great pain of mind and body.

        WHEREFORE, the plaintiff, James Susienka demands judgment against the defendant, UPS in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT XX- BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING V. UPS

174.    The plaintiff, Phaneuf repeats and reavers paragraphs One through Ninety-three, One Hundred through One Hundred Five, One Hundred Twelve through One Hundred Seventeen, One Hundred Twenty-four through One Hundred Twenty-nine, One Hundred Thirty through One Hundred Thirty-five, One Hundred Thirty-six through One Hundred Forty-one, One Hundred Forty-two through One Hundred Forty-seven and One Hundred Forty-eight through One Hundred Fifty-three above as if each were fully set forth and realleged herein in their entirety.

175.    The defendant, UPS, through its employees, agents and/or servants owed the plaintiff, Phaneuf an implied duty to act with good faith and fair dealing in their employment relationship.

176.    The defendant, UPS, through its employees, agents and/or servants, breached the duty that it owed the plaintiff, Phaneuf by failing to act in good faith and fair dealing in their employment relationship, insomuch as they attempted to coerce, intimidate, harass, and/or force the plaintiff, Phaneuf to sign a statement and/or give testimony

which was false and the defendant, UPS knew or should have known said testimony and/or statements were false.

177.   As a direct and proximate result of the defendant, UPS, through its agents, servants and/or employees breach of the implied duty to act with good faith and fair dealing in their employment relationship with the plaintiff, Phaneuf, the plaintiff, Phaneuf was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, sustain humiliation and embarrassment, incur great medical and hospital expense and to suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, UPS in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT XXI-WRONGFUL TERMINATION IN
## VIOLATION OF PUBLIC POLICY- V. UPS

178.   The plaintiff, Susienka repeats and reavers paragraphs One through Ninety-three above as if each were fully set forth and realleged herein in their entirety.

179.   The defendant, UPS's action and/or inactions, through their agents, servants and/or employees in terminating the plaintiff, James Susienka were in violation of public policy forbidding and/or prohibiting an employer from requiring an employee give false and/or untrue testimony, as a condition of their continued employment.

180.   The plaintiff, James Susienka was caused to suffer injury as a direct and proximate result of the defendant, UPS's actions in violation of public policy including, but not limited to loss of income and benefits, physical and emotional injury, loss of business and personal reputation, embarrassment, humiliation, and great pain of mind and body.

WHEREFORE, the plaintiff, James Susienka demands judgment against the defendant, UPS in an amount to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

## COUNT XXII-WRONGFUL TERMINATION IN
## VIOLATION OF PUBLIC POLICY- V. UPS

181.   The plaintiff, Susienka repeats and reavers paragraphs One through Ninety-three above as if each were fully set forth and realleged herein in their entirety.

182.   The defendant, UPS's actions, through their agents, servants and/or employees in terminating the plaintiff, James Susienka were in violation of public policy prohibiting an employer from terminating an employee because and/or as a result of suffering a work related injury during the scope and/or course of their employment.

183.   The plaintiff, James Susienka was caused to suffer injury as a direct and proximate result of the defendant, UPS's actions in violation of public policy including, but not limited to loss of income and benefits, physical and emotional injury, loss of business

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

and personal reputation, embarrassment, humiliation, and great pain of mind and body.

WHEREFORE, the plaintiff, James Susienka demands judgment against the defendant, UPS in an amount to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

## COUNT XXIII-WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY- V. UPS

184.   The plaintiff, Phaneuf repeats and reavers paragraphs One through Ninety-three above as if each were fully set forth and realleged herein in their entirety.

185.   The defendant, UPS's action and/or inactions, through their agents, servants and/or employees in terminating the plaintiff, Phaneuf were in violation of public policy forbidding and/or prohibiting an employer from requiring an employee give false and/or untrue testimony, as a condition of their continued employment.

186.   The plaintiff, James Phaneuf was caused to suffer injury as a direct and proximate result of the defendant, UPS's actions in violation of public policy including, but not limited to loss of income and benefits, physical and emotional injury, loss of business and personal reputation, embarrassment, humiliation, and great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, UPS in an amount to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

## COUNT XXIV-WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY- V. UPS

187.   The plaintiff, Phaneuf repeats and reavers paragraphs One through Ninety-three above as if each were fully set forth and realleged herein in their entirety.

188.   The defendant, UPS's actions, through their agents, servants and/or employees in terminating the plaintiff, James Phaneuf were in violation of public policy prohibiting an employer from terminating an employee because and/or as a result of suffering a work related injury during the scope and/or course of their employment.

189.   The plaintiff, James Phaneuf was caused to suffer injury as a direct and proximate result of the defendant, UPS's actions in violation of public policy including, but not limited to loss of income and benefits, physical and emotional injury, loss of business and personal reputation, embarrassment, humiliation, and great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, UPS in an amount to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

## COUNT XXV-WRONGFUL TERMINATION IN
## VIOLATION OF PUBLIC POLICY- V. UPS

190.    The plaintiff, Susienka repeats and reavers paragraphs One through Ninety-three above as if each were fully set forth and realleged herein in their entirety.

191.    The defendant, UPS's action and/or inactions, through their agents, servants and/or employees in terminating the plaintiff, Susienka were in violation of public policy which forbids and/or prohibits an employer from requiring an employee give false and/or untrue testimony, as a condition of their continued employment, and, insomuch as the defendant, UPS's actions, through their agents, servants and/or employees terminated the plaintiff, James Susienka because and/or as a result of suffering a work related injury during the scope and/or course of their employment.

192.    The plaintiff, James Susienka was caused to suffer injury as a direct and proximate result of the defendant, UPS's actions in violation of public policy including, but not limited to loss of income and benefits, physical and emotional injury, loss of business and personal reputation, embarrassment, humiliation, and great pain of mind and body.

    WHEREFORE, the plaintiff, James Susienka demands judgment against the defendant, UPS in an amount to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

## COUNT XXVI-WRONGFUL TERMINATION IN
## VIOLATION OF PUBLIC POLICY- V. UPS

193.    The plaintiff, Phaneuf repeats and reavers paragraphs One through Ninety-three above as if each were fully set forth and realleged herein in their entirety.

194.    The defendant, UPS's action and/or inactions, through their agents, servants and/or employees in terminating the plaintiff, Phaneuf were in violation of public policy which forbids and/or prohibits an employer from requiring an employee give false and/or untrue testimony, as a condition of their continued employment, and, insomuch as the defendant, UPS's actions, through their agents, servants and/or employees terminated the plaintiff, James Phaneuf because and/or as a result of suffering a work related injury during the scope and/or course of their employment.

195.    The plaintiff, James Phaneuf was caused to suffer injury as a direct and proximate result of the defendant, UPS's actions in violation of public policy including, but not limited to loss of income and benefits, physical and emotional injury, loss of business and personal reputation, embarrassment, humiliation, and great pain of mind and body.

    WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, UPS in an amount to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

## COUNT XXVII- INTENTIONAL INFLICTION OF EMOTIONAL
## DISTRESS v. MCKENDRY

196.    The plaintiff, James Phaneuf repeats and reavers paragraphs One through Ninety-three, One Hundred through One Hundred Five, One Hundred Twelve through One Hundred Seventeen, One Hundred Thirty-six through One Hundred Forty-one, and One Hundred Forty-two through One Hundred Forty-seven above as if each were fully set forth and realleged herein in their entirety.

197.    As a result of the action and/or inactions of the defendant, McKendry, he intended to inflict emotional distress and/or knew that he was inflicting severe emotional distress and/or he should have known that his actions and/or inactions were likely to result in severe emotional distress to the plaintiff, James Phaneuf.

198.    The conduct, actions and/or inactions of the defendant, McKendry were extreme and outrageous, beyond all bounds of decency and/or utterly intolerable in a civilized community.

199.    The actions, conduct and/or inactions of the defendant, McKendry caused the plaintiff, James Phaneuf emotional distress that was so severe and of such a nature that no reasonable person could be expected to endure the same.

200.    The actions, inactions and/or conduct by the defendant, McKendry was not reasonably in furtherance of his employers interest and therefore is not barred by the worker's compensations exclusivity provision.

201.    As a direct and proximate result of the defendant, McKendry's outrageous and extreme actions, the plaintiff, James Phaneuf was caused to suffer severe humiliation and embarrassment, sustain physical and emotional injury, suffer the loss of business and personal reputation, incur medical and hospital expense and to suffer great pain of mind and body.

        WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, McKendry to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

## COUNT XXVIII- INTENTIONAL INFLICTION OF EMOTIONAL
## DISTRESS v. MCKENDRY

202.    The plaintiff, James Susienka repeats and reavers paragraphs One through Ninety-three, Ninety-four through Ninety-nine, and One Hundred Six through One Hundred Eleven above as if each were fully set forth and realleged herein in their entirety.

203.    As a result of the action and/or inactions of the defendant, McKendry, he intended to inflict emotional distress and/or knew that he was inflicting severe emotional distress and/or he should have known that his actions and/or inactions were likely to result in severe emotional distress to the plaintiff, James Susienka.

204.    The conduct, actions and/or inactions of the defendant, McKendry were extreme and outrageous, beyond all bounds of decency and/or utterly intolerable in a civilized

Elizabeth A. Garlepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

community.

205.    The actions, conduct and/or inactions of the defendant, McKendry caused the plaintiff, James Susienka emotional distress that was so severe and of such a nature that no reasonable person could be expected to endure the same.

206.    The actions, inactions and/or conduct by the defendant, McKendry was not reasonably in furtherance of his employers interest and therefore is not barred by the worker's compensations exclusivity provision.

207.    As a direct and proximate result of the defendant, McKendry's outrageous and extreme actions, the plaintiff, James Susienka was caused to suffer severe humiliation and embarrassment, sustain physical and emotional injury, suffer the loss of business and personal reputation, incur medical and hospital expense and to suffer great pain of mind and body.

    WHEREFORE, the plaintiff, James Susienka demands judgment against the defendant, McKendry to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

### COUNT XXIX- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. FERRY

208.    The plaintiff, James Phaneuf repeats and reavers paragraphs One through Ninety-three, Ninety-four through Ninety-nine, and One Hundred Eighteen through One Hundred Twenty-three above as if each were fully set forth and realleged herein in their entirety.

209.    As a result of the action and/or inactions of the defendant, Ferry, he intended to inflict emotional distress and/or knew that he was inflicting severe emotional distress and/or he should have known that his actions and/or inactions were likely to result in severe emotional distress to the plaintiff, James Phaneuf.

210.    The conduct, actions and/or inactions of the defendant, Ferry were extreme and outrageous, beyond all bounds of decency and/or utterly intolerable in a civilized community.

211.    The actions, conduct and/or inactions of the defendant, Ferry caused the plaintiff, James Phaneuf emotional distress that was so severe and of such a nature that no reasonable person could be expected to endure the same.

212.    The actions, inactions and/or conduct by the defendant, Ferry was not reasonably in furtherance of his employers interest and therefore is not barred by the worker's compensations exclusivity provision.

213.    As a direct and proximate result of the defendant, Ferry's outrageous and extreme actions, the plaintiff, James Phaneuf was caused to suffer severe humiliation and embarrassment, sustain physical and emotional injury, suffer the loss of business and personal reputation, incur medical and hospital expense and to suffer great pain of mind and body.

Elizabeth A. Garlepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, Ferry to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

## COUNT XXX- INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS v. FERRY

214.  The plaintiff, James Susienka repeats and reavers paragraphs One through Ninety-three, Ninety-four through Ninety-nine and One Hundred Eighteen through One Hundred Twenty-three above as if each were fully set forth and realleged herein in their entirety.

215.  As a result of the action and/or inactions of the defendant, Ferry, he intended to inflict emotional distress and/or knew that he was inflicting severe emotional distress and/or he should have known that his actions and/or inactions were likely to result in severe emotional distress to the plaintiff, James Susienka.

216.  The conduct, actions and/or inactions of the defendant, Ferry were extreme and outrageous, beyond all bounds of decency and/or utterly intolerable in a civilized community.

217.  The actions, conduct and/or inactions of the defendant, Ferry caused the plaintiff, James Susienka emotional distress that was so severe and of such a nature that no reasonable person could be expected to endure the same.

218.  The actions, inactions and/or conduct by the defendant, Ferry was not reasonably in furtherance of his employers interest and therefore is not barred by the worker's compensations exclusivity provision.

219.  As a direct and proximate result of the defendant, Ferry's outrageous and extreme actions, the plaintiff, James Susienka was caused to suffer severe humiliation and embarrassment, sustain physical and emotional injury, suffer the loss of business and personal reputation, incur medical and hospital expense and to suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Susienka demands judgment against the defendant, Ferry to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

## COUNT XXXI- INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS v. HINES

220.  The plaintiff, James Phaneuf repeats and reavers paragraphs One through Ninety-three and One Hundred Twenty-four through One Hundred Twenty-nine above as if each were fully set forth and realleged herein in their entirety.

221.  As a result of the action and/or inactions of the defendant, Hines, he intended to inflict emotional distress and/or knew that he was inflicting severe emotional distress and/or he should have known that his actions and/or inactions were likely to result in

Elizabeth A. Garlepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

severe emotional distress to the plaintiff, James Phaneuf.

222.   The conduct, actions and/or inactions of the defendant, Hines were extreme and outrageous, beyond all bounds of decency and/or utterly intolerable in a civilized community.

223.   The actions, conduct and/or inactions of the defendant, Hines caused the plaintiff, James Phaneuf emotional distress that was so severe and of such a nature that no reasonable person could be expected to endure the same.

224.   The actions, inactions and/or conduct by the defendant, Hines was not reasonably in furtherance of his employers interest and therefore is not barred by the worker's compensations exclusivity provision.

225.   As a direct and proximate result of the defendant, Hines' outrageous and extreme actions, the plaintiff, James Phaneuf was caused to suffer severe humiliation and embarrassment, sustain physical and emotional injury, suffer the loss of business and personal reputation, incur medical and hospital expense and to suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, Hines to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

## COUNT XXXII- INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS v. STOKES

226.   The plaintiff, James Phaneuf repeats and reavers paragraphs One through Ninety-three, and One Hundred Thirty through One Hundred Thirty-five above as if each were fully set forth and realleged herein in their entirety.

227.   As a result of the action and/or inactions of the defendant, Stokes, he intended to inflict emotional distress and/or knew that he was inflicting severe emotional distress and/or he should have known that his actions and/or inactions were likely to result in severe emotional distress to the plaintiff, James Phaneuf.

228.   The conduct, actions and/or inactions of the defendant, Stokes were extreme and outrageous, beyond all bounds of decency and/or utterly intolerable in a civilized community.

229.   The actions, conduct and/or inactions of the defendant, Stokes caused the plaintiff, James Phaneuf emotional distress that was so severe and of such a nature that no reasonable person could be expected to endure the same.

230.   The actions, inactions and/or conduct by the defendant, Stokes was not reasonably in furtherance of his employers interest and therefore is not barred by the worker's compensations exclusivity provision.

231.   As a direct and proximate result of the defendant, Stokes' outrageous and extreme actions, the plaintiff, James Phaneuf was caused to suffer severe humiliation and

embarrassment, sustain physical and emotional injury, suffer the loss of business and personal reputation, incur medical and hospital expense and to suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, Stokes to be determined by a jury for the above-described injuries, together with reasonable attorneys fees, interest and costs.

## COUNT XXXIII- VIOLATION OF CIVIL RIGHTS- UPS

232.   The plaintiff, James Susienka repeats and reavers paragraphs One through Ninety-three, Ninety-four through Ninety-nine, One Hundred Six through One Hundred Eleven, One Hundred Eighteen through One Hundred Twenty-three, One Hundred Seventy through One Hundred Seventy-three, and One Hundred Seventy-eight through One Hundred Eighty above as if each were fully set forth and realleged herein in their entirety.

233.   The defendant, UPS, through the actions and/or inactions of its employees, servants and/or agents, as set forth above unlawfully interfered by means of threats, intimidation and coercion with the plaintiff's exercise and/or enjoyment of rights secured by law, pursuant to M.G.L., ch. 12, section 11I.

232.   As a direct and proximate result of the defendant, UPS's violation of the plaintiff, James Susienka's civil rights, the plaintiff was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, sustain great humiliation, incur great medical and hospital expense and to suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Susienka demands judgment against the defendant, UPS in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

## COUNT XXXIV- VIOLATION OF CIVIL RIGHTS- UPS

234.   The plaintiff, James Phaneuf repeats and reavers paragraphs One through Ninety-three, One Hundred through One Hundred Five, One Hundred Twelve through One Hundred Seventeen, One Hundred Twenty-four through One Hundred Twenty-nine, One Hundred Thirty through One Hundred Thirty-five, One Hundred Thirty-six through One Hundred Forty-one, One Hundred Forty-two through One Hundred Forty-seven, One Hundred Forty-eight through One Hundred Fifty-three, One Hundred Seventy-four through One Hundred Seventy-seven and One Hundred Eighty-one through One Hundred Eighty-three above as if each were fully set forth and realleged herein in their entirety.

235.   The defendant, UPS, through the actions and/or inactions of its employees, servants and/or agents, as set forth above unlawfully interfered by means of threats, intimidation and coercion with the plaintiff's exercise and/or enjoyment of rights secured by law, pursuant to M.G.L., ch. 12, section 11I.

Elizabeth A. Gariepy, Esq.
KECHES & MALLEN, PC
122 Dean Street
Taunton, MA 02780

508-822-2000

236.   As a direct and proximate result of the defendant, UPS's violation of the plaintiff, James Phaneuf's civil rights, the plaintiff was caused to suffer loss of income and benefits, sustain physical and emotional injury, suffer the loss of business and personal reputation, sustain great humiliation, incur great medical and hospital expense and to suffer great pain of mind and body.

WHEREFORE, the plaintiff, James Phaneuf demands judgment against the defendant, UPS in an amount to be determined by a jury, together with reasonable attorneys fees, interest and costs.

WHEREFORE, the plaintiffs demand judgment, jointly and/or severally, against the defendants in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00), together with reasonable attorney's fees, interest and costs.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL
CLAIMS ASSERTED HEREIN.**

The Plaintiffs,
By their attorneys,
KECHES & MALLEN, P.C.

Elizabeth A. Gariepy
BBO# 550817
George N. Keches
BBO# 263500
122 Dean Street
Taunton, Massachusetts  02780
(508) 822-2000